NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JODI HAMRICK,

Defendant - Appellant.

No. 24-2813

D.C. No.
2:20-cr-00079-RAJ-1

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 6, 2025**
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Defendant Jodi Hamrick appeals her conviction and sentence for Wire Fraud,

Aggravated Identity Theft, and Conspiracy to Commit Wire Fraud and Aggravated

Identity Theft. *See* 18 U.S.C. §§ 1343, 1028A, 371. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

1. Hamrick argues her conviction should be vacated because Magistrate Judge Kate Vaughan presided over a motion hearing in her case, even though Vaughan had also appeared on behalf of the government as an Assistant United States Attorney at Hamrick's initial appearance. We disagree.

Hamrick failed to file a motion to recuse Judge Vaughan or otherwise object to her presiding over the hearing. So we review for plain error. *United States v. Holland*, 519 F.3d 909, 911 (9th Cir. 2008). To prevail on plain error review, Hamrick must show (1) error that is (2) plain and (3) affects her substantial rights. Fed. R. Crim. P. 52(b); *see United States v. Olano*, 507 U.S. 725, 732 (1993). Judge Vaughan's participation as a judge in Hamrick's case after her previous appearance as a prosecutor satisfies the first two elements. A judge "shall" disqualify herself "[w]here [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). Given her previous participation at Hamrick's initial appearance, Judge Vaughan was statutorily obligated to recuse from the later hearing. *See id.*

But even with the first two elements of plain error review satisfied, Hamrick must still show that Judge Vaughan's participation affected her substantial rights.

And this is where her claim fails. Judge Vaughan's participation as a prosecutor was cursory. She described the charges in the indictment and presented the government's position on whether Hamrick should receive bond at Hamrick's initial appearance. Judge Vaughan's participation as a judicial officer was similarly limited. She presided, without objection, over a single hearing in which she considered Hamrick's counsel's unopposed motion to withdraw from the case. Judge Vaughan granted that motion and appointed Hamrick new counsel. She did not participate in the decision of any substantive motions or otherwise impact the merits of Hamrick's case. Given the limited nature of Judge Vaughan's participation, and the lack of impact on Hamrick's case, we cannot say that Hamrick's substantial rights were affected—even with the acknowledgement that Judge Vaughan *should* have recused herself. *See United States v. Marcus*, 560 U.S. 258, 262 (2010) (explaining that "to meet [the substantial rights] standard, an error must be 'prejudicial,' which means that there must be a reasonable probability that the error affected the outcome of the trial").

2. Hamrick contends that her sentence should be vacated because the district court relied on uncharged allegations of embezzlement in the Presentence Report ("PSR"). We review sentencing decisions for abuse of discretion and the district court's factual findings for clear error. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Fitch*, 659 F.3d 788, 797 (9th Cir. 2011). We discern neither

3                                                  24-2813

here. The district court was authorized to consider Hamrick's uncharged conduct. *See* 18 U.S.C. § 3661. Moreover, the district court considered and rejected Hamrick's objection to the inclusion of the uncharged incident in the PSR. So the district court complied with its obligation to resolve factual disputes before relying on contested information in the PSR. *See* Fed. R. Crim. P. 32(i)(3)(B); *United States v. Flores*, 725 F.3d 1028, 1041 (9th Cir. 2013) (noting that the district court must resolve factual disputes to the PSR); *United States v. Smith*, 719 F.3d 1120, 1126 n.7 (9th Cir. 2013) (noting that a district court needn't hold an evidentiary hearing when it complies with Rule 32(i)(3)(B) by acknowledging, reviewing, and clearly rejecting objections to facts included in the PSR). This is especially true here given that Hamrick admitted to cashing in her former employer's check and reimbursing him for the loss. Thus, the district court did not err when it relied on the uncharged information, and we affirm Hamrick's sentence.

**AFFIRMED.**